UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-cv-00573-MR

| | |
|---|---|
| ERIC CHRISTOPHER ORR, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> STATE OF NORTH CAROLINA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed on October 16, 2020 by the Petitioner Eric Christopher Orr pursuant to 28 U.S.C. § 2254. [Doc. 1].

**I.    BACKGROUND**

Eric Christopher Orr (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is serving consecutive sentences of 50 to 120 months and 80-108 months of incarceration following his September 27, 2017 conviction as a habitual felon in Mecklenburg County for two counts of common law robbery and one count of felonious speeding to elude arrest. [Doc. 1 at 1].

The Petitioner filed a Notice of Appeal and the North Carolina Court of Appeals upheld his conviction on December 18, 2018. [Id. at 2]; State v. Orr,

2018 WL 6613949, *3 (N.C. App. December 18, 2018).[1]  The Petitioner then filed a petition for discretionary review, which the North Carolina Supreme Court denied on May 14, 2019.  [Id.].

The Petitioner sought post-conviction relief in Mecklenburg County with the filing of a Motion Requesting DNA and Petition for Writ of Certiorari on February 21, 2019, which was denied.  [Id. at 3-4].  The Petitioner subsequently sought appellate review through a petition for writ of certiorari on January 6, 2020, [Id.] which was also denied on January 9, 2020.  [Id. at 19].

The Petitioner filed his § 2254 habeas petition in this Court on October 16, 2020.  [Doc. 1].

## II. DISCUSSION

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  The petitioner must "show that the state court's ruling on the

---

[1] In his direct appeal, the Petitioner raised the following grounds for relief: the trial court abused its discretion by 1) admitting into evidence a recording that included unfairly prejudicial commentary from victims; 2) failing to sentence the Petitioner in the mitigated range for his convictions; and 3) directly questioning the Petitioner in a manner that suggested the trial judge was not impartial.  [Id.].

2

claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015)(quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Alternatively, relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The Petitioner raises three claims of relief in his § 2254 petition: 1) the State failed to prove every fact necessary to establish that the Petitioner committed the crime beyond a reasonable doubt; 2) a BB gun recovered from the crime scene was not tested for DNA evidence; and 3) the trial court abused its discretion when it directly questioned the Petitioner in a manner "making his testimony not credible." [Doc. 1 at 5-8].

### A. Grounds One and Two

In ground one, the Petitioner alleges that the State failed to "prove every fact necessary to constitute the crime beyond a reasonable doubt." [Doc. 1 at 5]. The Petitioner claims that he did not match the description of the perpetrator given by three witnesses, including two victims. [Id.]. In ground two, the Petitioner states that the prosecution relied upon a black BB

gun that was recovered from the crime scene, which the Petitioner claims was not tested for DNA evidence. [Doc. 1 at 6].

The Petitioner did not raise these issues in his direct appeal. He asserts, however, that he raised them in his post-conviction motion in state court by requesting DNA testing, which the trial court denied. [Id. at 3, 7]. His petition seeking certiorari review was subsequently denied by the appellate court. [Id. at 3-4].

The admission of evidence in a state criminal proceeding is not reviewable under § 2254 "unless it violates a specific constitutional right or is so egregious as to render the entire trial fundamentally unfair." James v. Brickhouse, 2020 WL 2770176, *4 (W.D.N.C. May 28, 2020)(citing Estelle v. McGuire, 502 U.S. 62, 67-8 (1991)). The Petitioner merely presents to this Court the same claims that he previously raised unsuccessfully in his state court post-conviction motion for DNA testing. He makes no allegations of any federal constitutional violation and does not assert that the state court's determination resulted in a decision contrary to clearly established federal law or was based on an unreasonable determination of the facts as required by 28 U.S.C. § 2254(d)(1)-(d)(2).

Furthermore, a petitioner "cannot use § 2254 to challenge the validity of the state court's rulings on his post-conviction motions under state law,

4

Case 3:20-cv-00573-MR   Document 6   Filed 02/08/23   Page 4 of 7

seeking DNA preservation and testing." Ealy v. Clark, 2018 WL 6440885, *4-5 (W.D. Va. Dec. 7, 2018). What may be required by state law is not a proper subject of a proceeding under § 2254. Moreover, "A claim for DNA testing, even if successful, would not necessarily spell speedier release from custody because merely ordering DNA testing would not impact the length of [the petitioner's] incarceration." Id. As such, these claims are without merit, and procedurally barred. Therefore, these claims will be dismissed.

B. **Ground Three**

In ground three, the Petitioner alleges that the trial court abused its discretion when the trial judge asked a question while Plaintiff was testifying "making his testimony not credible" and thus affecting the verdict. [Doc. 1 at 8]. The Petitioner raised this identical issue in his direct appeal, which the appellate court explained as follows:

> Here, defendant testified that prior to jumping out of the stolen car, a man named Ron told defendant, "I fitting to jump out." The trial court then asked defendant directly, "He told you that he was going to jump out of a moving car?" to which defendant answered, "Exactly."

State v. Orr, 2018 WL 6613949, *3 (N.C. App. December 18, 2018).

The appellate court found no error on part of the trial judge, noting that under North Carolina Evidence Rule 614(b), the trial court may direct questions to a witness for the purpose of developing a relevant fact or

5

clarifying the witness's testimony. Id. citing N.C. Gen. Stat. § 8C-2, Rule 614(b)(2017); State v. Pearce, 296 N.C. 281, 285 (1979). The appellate court held that there was no indication that the trial court expressed any opinion regarding the Petitioner's credibility, guilt or innocence, or any factual controversy to be resolved by the jury. Id.

A federal habeas claim must allege a violation of a clearly established federal right--"it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 63 (1991). The Petitioner alleges no federal constitutional violation in ground three and cites no change in circumstances or intervening law that would warrant relitigating this matter. Because the Petitioner already unsuccessfully litigated this issue in his direct appeal, he cannot seek review of the same issue in this habeas proceeding. See LaMar v. Straun, 2022 WL 777222, *4 (N.D.W. Va. Feb. 18, 2022)(holding that the petitioner was not entitled to habeas relief where claims raised in § 2254 petition were the same as those previously rejected on direct appeal and were not contrary to or involved an unreasonable application of federal law). As such, this claim is without merit and will be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief under his § 2254 Petition for Writ of Habeas Corpus.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**   Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge